UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLIFTON POWELL,                       :
        Plaintiff,                    :
                                      :         PRISONER
    v.                                :  CASE NO. 3:10-cv-1397(AWT)
                                      :
UNITED STATES DISTRICT COURT, et al., :
        Defendants.                   :

                         RULING AND ORDER

On September 23, 2010, the court dismissed this civil rights action for failure to state any cognizable claim. Since then, the plaintiff has filed seven motions seeking entry of judgment against various defendants, a motion for relief from judgment, and a motion for reconsideration of the order dismissing this case. All of the motions were denied.

The plaintiff now has filed a second motion to set aside the judgment and amend the complaint, a motion for entry of judgment against three of the defendants and a motion for the recusal of the undersigned. For the reasons that follow, all three motions are being denied.

I.  Motion for Disability of Judge and Administrative Relief
    [Doc. #21]

The plaintiff has filed a motion seeking the recusal of the undersigned and transfer of this matter to another seat of court.

A judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test employed to determine whether recusal is

required is an objective one.  See In re Basciano, 542 F.3d 950, 956 (2d Cir. 2008), cert. denied, 129 S. Ct. 1401 (2009).  The judge must recuse himself if circumstances exist which constitute an objectively reasonable basis upon which to question the judge's impartiality, i.e., if circumstances show "a deep-seated favoritism or antagonism that would make fair judgment almost impossible."  Liteky v. United States, 510 U.S. 540, 555 (1994). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion" and "can only in the rarest circumstances evidence the degree of favoritism or antagonism required."  Id.

The plaintiff currently is confined in the Whiting Forensic Division of the Connecticut Valley Hospital.  In his motion for recusal, among other things, the plaintiff states:

> knowing that this complaint meaning the lawsuit is against the conduct of the Chief Judge in the Hartford Connecticut court where the judge in this action reside; you was around here in Middletown last week when ya'll was surveilancing at me when you decided you would be prejudice knowing my motion for relief had to be granted you wanted to be sued.

In his complaint, the plaintiff makes reference to decisions by Magistrate Judge Donna F. Martinez and District Judge Robert N. Chatigny, with which he is unhappy.  Both of those judicial officers sit in Hartford, but the plaintiff did not sue them individually.  Rather, he sued the United States District Court

"in its officially capacity." In any event, there is no reason why the undersigned would be reluctant to rule on the pending motions, particularly in light of the fact that the court has previously analyzed the plaintiff's assertions. As to the plaintiff's allegation of surveillance, there is no basis for it. Therefore, the motion is being denied.

II. Motion for Relief from Judgment and Leave to Amend [Doc. #19] and Motion for Entry of Judgment [Doc. #20]

The plaintiff first seeks relief from judgment and leave to amend his complaint. The plaintiff states that he filed this motion pursuant to Federal Rule of Civil Procedure 60(b). The rule provides several reasons to set aside a judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The plaintiff does not identify any subsection of the rule. He does state in his motion, however, that he "misrepresented" his complaint. The court assumes that the plaintiff is bringing this motion pursuant to subsections (1) and/or (3). Subsection (3) refers to a misrepresentation by an opposing party. This case

3

was dismissed before service of the complaint. Thus, no opposing party ever appeared. Any request to reopen pursuant to subsection (3) is without merit.

The proposed amended complaint names as defendants the United States District Court, Attorney Jeffrey L. Ment, Attorney Thomas Plotkin and the Law Firm of Rome and McGuigan. All of these defendants were included in the original complaint. Although the plaintiff references a misrepresentation, or mistake, regarding the claims asserted in the original complaint, the allegations of the proposed amended complaint assert the same claims as were asserted in the original complaint. The court dismissed all claims against these defendants pursuant to 1915A(b)(1) as failing to state claims cognizable in a section 1983 action filed in federal court. See Doc. #4. The plaintiff has alleged no facts that would affect that determination. Thus, the motion to reopen and amend the complaint is being denied.

The plaintiff also has filed a motion asking the court to enter judgment against Attorneys Ment and Plotkin and the Law Firm of Rome and McGuigan. The court has concluded that there is no basis for a section 1983 claim against any of these defendants. Thus, there is no basis for entry of judgment. Accordingly, the plaintiff's motion for judgment is being denied.

III. Conclusion

The plaintiff's Second Motion to Set Aside Judgment [**Doc. #19**], Motion for Judgment [**Doc. #20**] and Motion for Disability of

Judge and Administrative Relief [**Doc. #21**] are hereby **DENIED**.

It is so ordered.

Dated this 13th day of September 2011, at Hartford, Connecticut.

                                           /s/AWT
                                  Alvin W. Thompson
                       United States District Judge